UNITED STATES DISTRICT COURT                                         C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ERIC H. RICHMOND,                                   :

                         Appellant,                :

             - against -            :    **MEMORANDUM DECISION AND**
                                                    :    **ORDER TO SHOW CAUSE**
P.B. #7, LLC,                                      :
                                                    :    16 Civ. 1121 (BMC)
                         Appellee.                 :
                                                    :
------------------------------------------------------------ X
ERIC H. RICHMOND,                                   :
                         Petitioner,                :
             - against -            :
                                                    :
JUDGE CARLA CRAIG, P.B. #7, LLC,       :    16 Civ. 2979 (BMC)
WILLIAM CURTIN, and MICHAEL MACCO, :
                                                    :
                      Respondents.           :
------------------------------------------------------------ X
ERIC H. RICHMOND,                                   :
                         Petitioner,                :
             - against -            :
                                                    :    16 Civ. 3149 (BMC)
JUDGE CARLA CRAIG and P.B. #7, LLC,     :
                                                    :
                      Respondents.           :
----------------------------------------------------------- X

**COGAN**, District Judge.

        Before me are motions brought by Eric Richmond, appearing *pro se*, for leave to proceed *in forma pauperis* (IFP) in an appeal of a ruling of the Bankruptcy Court, a petition for a writ of mandamus directed at the Honorable Carla E. Craig, United States Bankruptcy Judge, P.B. #7, LLC, William Curtin, and Michael Macco, and a separate petition for a writ of mandamus directed at the Honorable Carla E. Craig and P.B. #7, LLC. Solely for the purposes of this

Order, Richmond's motions for leave to proceed IFP are granted. However, because the actions lack merit, the above-captioned cases are dismissed and Richmond is further ORDERED TO SHOW CAUSE within 20 days of this Order why an injunction should not be imposed barring him from filing any further actions in this district without first obtaining permission from the Court to do so.

**CURRENT SUBMISSIONS**

The current filings, in the form of an appeal and two petitions for a writ of mandamus, arise from a Chapter 11 bankruptcy proceeding filed in the United States Bankruptcy Court for the Eastern District of New York by 231 Fourth Avenue Lyceum, LLC ("Debtor"), under Case No. 13-42125(CEC), and a Chapter 13 bankruptcy proceeding involving Debtor and Richmond, who was Debtor's individual owner and guarantor of Debtor's mortgage, under Case No. 14-41678(CEC).

Richmond's most recent appeal to this Court, No. 16 Civ. 1121, was brought to challenge the decision of Bankruptcy Judge Craig, who denied Richmond's motion to vacate certain actions in state court and held that there was no violation of due process in the relevant Lift Stay Order and that the Lift Stay Order was effective upon entry. Richmond's appeal from this Order is frivolous and malicious, and fails to state a claim on which relief may be granted, and it is therefore dismissed. See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Richmond's petitions for a writ of mandamus are dismissed on the same basis. First, the writ is not appropriate against private parties over which this court does not otherwise have jurisdiction. See 28 U.S.C. § 1651(a); Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 124 S. Ct. 2576 (2004); see also Roche v. Evaporated Milk Assn., 319 U.S. 21, 26, 63 S. Ct. 938, 941 (1943) ("The traditional use of the writ in aid of appellate jurisdiction both at common law and

2

in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction.").

Second, as the Court has told Richmond multiple times, Richmond cannot appear on behalf of Debtor, a limited liability company. Although federal law affords parties a statutory right to "plead and conduct their own cases, 28 U.S.C. § 1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves." Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted); Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself.").

Third, to the extent Richmond represents only himself, he is not entitled to mandamus relief. A writ of mandamus may only issue when the right to "relief is clear and indisputable." In re F.C.C., 217 F.3d 125, 133 (2d Cir. 2000) (citations omitted). Mandamus relief is properly granted for two purposes: (1) Protection of a superior court's mandate to assure that the terms of the mandate are scrupulously and fully carried out, and that the inferior court's actions on remand are not inconsistent with either the express terms or the spirit of the mandate, or (2) Restraining an inferior court from detours into areas in which it lacks jurisdiction (or, in some instances, forcing an inferior court to take an obligatory action). Id. (internal quotations, citations and alterations omitted). It is an extraordinary remedy and is not normally granted if the relief sought could be obtained through direct appeal. In re Austrian and German Holocaust Litigation, 250 F.3d 156, 162 (2d Cir 2001); In re Carroll, 292 B.R. 472, 474 (Bankr. D. Ct. 2003).

As discussed further below, Richmond has repeatedly filed in this Court frivolous appeals and motions as an "interested party," without regard to the roughly 30 Orders by this Court

3

ruling on the unmeritorious basis of his claims.  See, e.g., Docket Nos: 14cv5957-BMC (appeal, motion for reconsideration, motion to vacate, motion for reconsideration of denial of motion to vacate); 14cv7112-BMC (appeal, reconsideration, vacate, reconsideration); 15cv447-WFK (appeal, reconsideration, reconsideration); 15cv4628-BMC (appeal, reconsideration); 15cv4824-BMC (appeal); 15cv4825-BMC (appeal, withdrawal of appeal); 15cv4826-BMC (appeal, reconsideration); 15cv4980-AMD (appeal, reconsideration); 15cv5201-AMD (appeal, reconsideration); 15cv6621-BMC (appeal); 15cv7177 (appeal); 16cv422-BMC (appeal, reconsideration); 16cv424-BMC (appeal, reconsideration); 16cv564-BMC (appeal, reconsideration); 16cv565-BMC (appeal, reconsideration); 16cv1121-BMC (appeal); 16cv2979-BMC (writ of mandamus); 16cv3149-BMC (writ of mandamus).

The relief Richmond seeks in his petitions for a writ of mandamus is the same as that which he has continued to seek through his numerous appeals and motions.  Having failed to be successful in these filings,[1] Richmond now attempts to use the writ of mandamus as a new avenue for judicial review.  Richmond, therefore, cannot show that he has a "clear and disputable right" to a writ of mandamus requiring the Bankruptcy Court to vacate its rulings and hold a public hearing.

---

[1] Should further explanation be necessary as to why these filings were unsuccessful, the reader is directed back to the copious prior Orders dismissing Richmond's unmeritorious legal arguments.

## HISTORY OF FRIVOLOUS LITIGATION

Richmond is a frequent filer in this Court, and has continually appealed from various orders of the Bankruptcy Court, all of which stem from two related reorganizational proceedings. The first, discussed above, involves Debtor in an action commenced under Chapter 11, and the second involves Richmond, who was Debtor's individual owner and guarantor of Debtor's mortgage debt, commenced under Chapter 13.

In both cases, the Bankruptcy Judge lifted the automatic stay, after which Debtor's creditors proceeded with a foreclosure action, resulting in the sale of the real property constituting Debtor's principal asset (the "Debtor's former property"). Subsequently, both Debtor and Richmond failed to file timely objections to the Court's dismissal of their Chapter 11 case, resulting in their inability to stay the foreclosure sale. Thus, the resulting sale of the Debtor's former property rendered appeals from Bankruptcy Court moot.

Richmond has nonetheless engaged in a prolonged series of frivolous appeals and corresponding motions, spanning from October 10, 2014, through the present, relating to the Bankruptcy Court's lifting of the automatic stay and other related orders. I dismissed the first appeal in a 15-page decision, dated February 24, 2015, and have denied the others summarily, as those appeals continued to assert the same unmeritorious grounds. I have also continually denied Richmond's motions for reconsideration and to vacate or void judgement.

Indeed, from his first filing in October 2014 through June of this year, Richmond has filed 35 frivolous submissions challenging the rulings of this Court or that of the Bankruptcy Court, resulting in the creation of 18 individual cases and corresponding dockets. This does not include the multitude of similar such motions appellant has filed, and continues to file, in both Bankruptcy Court and State Court.

These submissions essentially follow the same pattern of an appeal, a motion to reconsider the dismissal of the appeal, and then a motion to vacate denial of the motion for reconsideration. All of Richmond's filings derive from objectively baseless claims such as vagueness, unsupported allegations of errors, and denial of due process and other constitutional rights. Moreover, the appeals from which these motions arise involve the exact same legal issues previously litigated in the original bankruptcy proceeding, while failing to provide any new theories or evidence that could merit a form of revaluation.

I was compelled to issue warnings of sanctions in response to Richmond's desire to engage in a continued litigation campaign. On two separate occasions, Richmond was cautioned that his "continued filing of frivolous motions may lead to the imposition of sanctions, including an injunction prohibiting the Clerk of this Court from accepting further filings from him without Court approval." Richmond has been afforded ample notice[2] regarding the prospect of a sanction, and has been warned specifically that this sanction could come in the form of a filing injunction.

Despite these warnings, Richmond has continued filing such motions, and now seeks to further abuse the Courts by filing the same claims under a different name. All of these filings relate back to the Bankruptcy Court's lifting of the automatic stay which led to the sale of the Debtor's former property. It is evident that Richmond has no regard for the ability of this Court to efficiently and effectively carry out its functions in the administration of justice. He instead

---

[2] Both of the warnings accompanying these orders were returned by mail as "undeliverable." There is nonetheless a presumption of receipt. See In Re Cinningham, 506 B.R. 334 (Bankr. E.D.N.Y. March 13, 2014). In addition, this Circuit has found that it is "neither feasible nor legally required that the clerks of the District Courts undertake independently to maintain current addresses on all parties to pending actions. Dansby v. Albany Cty. Corr. Facility, 1996 WL 172699 at *1 (Apr. 10, 1996). It is instead considered the obligation of the parties to keep the Clerks abreast of all address changes and to continue making timely status inquires. Id. Richmond's continued filing suggests that, either way, he is less interested in the Court's decision as he is interested in the process of harassing the court with continued filings, particularly given that numerous new motions and actions are filed before the Court has even ruled on previous ones.

seems intent on bringing these appeals motions for the "improper purpose" of harassing Court staff and responding parties – be they debtors, trustees, or a Bankruptcy Court judge – in pursuit of a clearly unachievable goal. Mantis Transp. v. Kenner, 45 F. Supp. 3d 229, 254 (E.D.N.Y. 2014) (citing Fed. R. Civ. P. 12(b)(1)). Without a filing injunction in place, Richmond will "likely to continue to abuse the judicial process and harass other parties." Safir v. U.S. Lines Inc., 792 F.2d 19, 24 (2d Cir. 1986).

The federal courts have limited resources. Frequent non-meritorious filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks omitted). Thus, "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations and citations omitted); see also Safir, 792 F.2d at 24 ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.").

## ORDER TO SHOW CAUSE

"The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998). Accordingly, in light of Richmond's litigation history, and his inability to heed the repeated warnings of this Court, he is

7

ORDERED TO SHOW CAUSE in writing by affirmation, within 20 days of the date of this Order, why he should not be barred from filing any appeals, actions, adversary proceedings, or motions, as to either bankruptcy case, arising from or related to (a) the lifting of the automatic stay; or (b) the mortgage, sale or disposition of Debtor's former property.  This injunction would apply not only to proceedings filed in the District Court, but also to proceedings in the Bankruptcy Court, since the Bankruptcy Court is a unit of this Court.  Should Richmond fail to submit his affirmation within the time directed, or should his affirmation fail to set forth good cause why this injunction should not be entered, he shall be barred from filing any further actions in this district without first obtaining permission from this Court to do so.

The above-captioned actions are dismissed as being without merit.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

Dated: Brooklyn, New York
　　　　June 20, 2016