UNITED STATES DISTRICT COURT                                                                 C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ERIC H. RICHMOND,                                    :
                                                     :
                  Appellant,                         :
         - against -                            :
                                                     :   16 Civ. 1121 (BMC)
P.B. #7, LLC,                                        :
                  Appellee.                          :
                                                     :
----------------------------------------------------------- X
ERIC H. RICHMOND,                                    :
                                                     :
                  Petitioner,                        :
         - against -                            :
                                                     :
JUDGE CARLA CRAIG, P.B. #7, LLC,                     :   16 Civ. 2979 (BMC)
WILLIAM CURTIN, and MICHAEL MACCO,                   :
                                                     :
                  Respondents.                       :
----------------------------------------------------------- X
ERIC H. RICHMOND,                                    :
                                                     :
                  Petitioner,                        :
         - against -                            :
                                                     :
                                                     :   16 Civ. 3149 (BMC)
JUDGE CARLA CRAIG and P.B. #7, LLC,                  :
                                                     :
                  Respondents.                       :
----------------------------------------------------------- X
ERIC H. RICHMOND,                                    :
                                                     :
                  Appellant,                         :   16 Civ. 3648 (BMC)
         - against -                            :
                                                     :
                                                     :
P.B. #7, LLC,                                        :
                  Appellee.                          :
                                                     :
----------------------------------------------------------- X

```
------------------------------------------------------  X
ERIC H. RICHMOND,                                       :
                                                        :
                              Petitioner,               :
                 - against –                            :   16 Civ. 3628 (BMC)
                                                        :
JUDGE CARLA CRAIG,                                      :
                                                        :
                              Respondent.               :
------------------------------------------------------  X
ERIC H. RICHMOND,                                       :
                              Appellant,                :
                 - against -                            :
                                                        :   16 Civ. 3256 (BMC)
P.B.#7, LLC,                                            :
                              Appellee.                 :
                                                        :
------------------------------------------------------  X
```

**COGAN**, District Judge.

## ORDER DENYING MOTIONS
## AND IMPOSING FILING INJUNCTION

.

By Memorandum Decision and Order dated June 20, 2016, and the Judgment entered at the same time, this Court dismissed appellant Eric H. Richmond's *pro se* appeal and petitions for extraordinary writs, and required him to show cause why he should not be enjoined from filing further proceedings in this district (the "June 20th Order"). The June 20th Order noted that Richmond is a prolific filer of bankruptcy appeals and related motions arising from two bankruptcies involving the Chapter 11 case of 231 Fourth Avenue Lyceum, LLC ("Lyceum"), under Case Nos. 13-42125(CEC) (now dismissed), and his personal Chapter 13 case, No. 14-41678(CEC). Richmond is Lyceum's individual owner and guarantor of Lyceum's mortgage. More recently, these appeals had been re-filed as petitions for writs of mandamus against the

presiding Bankruptcy Court Judge as well as other, sometimes non-governmental parties involved in those bankruptcies.

Since the entry of this June 20th Order, Richmond has made seven additional frivolous filings: a motion for reconsideration of that Order in each of the three recently-dismissed cases;[1] a letter with the Chief Judge of this district alleging violations of law and requesting reassignment to a different judge; two additional bankruptcy appeals; a petition for a writ of prohibition; a motion for a public hearing and other forms of relief;[2] and a motion to withdraw the action. The Clerk had misdocketed one additional petition for a writ of mandamus, which actually predated the petitions dismissed in the June 20th Order, as belonging to a previous bankruptcy appeal, and has since properly opened it as a new action. After it was correctly docketed, Richmond filed the motion, noted above, to withdraw that action. Richmond has also filed an affirmation in response to the June 20th Order.

Richmond's most recent appeals to this Court were brought to challenge the decision of Chief Bankruptcy Judge Craig, to whom his and Lyceum's cases have been assigned, stating that the bankruptcy court "violated several Supreme Court Rulings including Coppedge V. United States and Federal Rule of Evidence 201." In No. 16 Civ. 3256, Richmond appeals, purportedly as a "party in interest," the June 7, 2016 Order of Judge Craig, denying Richmond's motion to vacate an Order dated November 4, 2013 granting the motion of P.B. #7 LLC for a determination that bankruptcy case 13-42125 was a single asset real estate case. Judge Craig found the motion to vacate to be without merit. In No. 16 Civ. 3648, Richmond appeals, purportedly as a "party in

---

[1] Although these filings appear as separate motions in each of the three cases, the Court considers this one filing.

[2] In contrast to the motions for reconsideration, it appears Richmond intended this motion to be docketed as a separate motion in two cases, but that it was only docketed as one filing. Therefore, the Court considers this one filing.

3

interest," the June 13, 2016 Order of Judge Craig, denying Richmond's motion to reconsider two orders denying his previously filed motions seeking to vacate the Order dismissing the case. Judge Craig found this motion to be without merit. The Court sees no violations in either of these Orders – or, as found in previous Orders, the underlying bankruptcy case in general – and therefore these appeals are dismissed as frivolous and malicious, and for failing to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Richmond's petition for a writ of prohibition, No. 16 Civ. 3628, like his petitions for writs of mandamus,[3] is dismissed on the bases described in the June 20th Order because it is frivolous to suggest that Richmond's right to "relief is clear and indisputable," or that the extraordinary circumstances exist to warrant such relief. See, e.g., In re F.C.C., 217 F.3d 125 (2d Cir. 2000); Dubnoff v. Goldstein, 385 F.2d 717 (2d Cir. 1967); Abrams v. McGohey, 260 F.2d 892 (2d Cir. 1958). Richmond has again restyled his action, this time as a "writ of prohibition," but such a relabeling does not transform an otherwise indistinguishable motion into one having any merit.

The Court has reviewed Richmond's motions for reconsideration and motions for a public hearing and other forms of relief, and finds there are no grounds for granting the motions. Richmond is convinced that he has the ability to make motions in Bankruptcy Court as the owner of Lyceum and guarantor of Lyceum's mortgage. As has been made repeatedly clear to Richmond, a non-lawyer, cannot appear on behalf of Lyceum, a limited liability company. See, e.g., Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010).

---

[3] Richmond's petition for a writ of mandamus, No. 16 Civ. 3755, was similarly meritless, and would have also warranted dismissal. However, in light of his motion to withdraw his petition, the Court need not reach the merits of this particular action.

Nor can Richmond circumvent that prohibition by claiming to represent himself as a "party in interest." The Second Circuit has made it clear that the party seeking to invoke the court's jurisdiction "[n]ecessarily . . . must be either a creditor or a debtor." In re Comcoach Corp., 698 F.2d 571, 573 (2d Cir. 1983). Therefore, "party-in-interest standing under § 1109(b) does not arise if a party seeks to assert some right that is purely derivative of another party's rights in the bankruptcy proceeding." In re Refco Inc., 505 F.3d 109, 117 n. 10 (2d Cir. 2007). Claims by members of a limited liability company are derivative, except where the object is to enforce the member's right *against* the limited liability company. N.Y. Limit. Liab. Co. § 610 ("A member of a limited liability company is not a proper party to proceedings by or against a limited liability company, except where the object is to enforce a member's right against or liability to the limited liability company."). Richmond, as an investor and guarantor, maintains a financial "interest" in Lyceum, but he is not a "party in interest" within the meaning of the Bankruptcy Code. See id. He therefore had no standing to invoke the Bankruptcy Court's jurisdiction without that court's prior authorization, which he has not even sought. See In re Commodore Int'l Ltd., 262 F.3d 96 (2d Cir. 2001); In re STN Enterprises, 779 F.2d 901 (2d Cir. 1985).

The filing of motions for reconsideration and motions to vacate in the bankruptcy court proceedings, followed by appeals of each of those denials in this court and motions for reconsideration following those denials, and continuous filings seeking to relitigate old issues, were and are frivolous and malicious. The district court is required under 28 U.S.C. § 1915(e)(2)(B) to dismiss an *in forma pauperis* action where, *inter alia*, it is satisfied that the action is frivolous or malicious.

Throughout his multitude of filings, Richmond has protested this Court's dismissal of his appeals without giving him prior notice. But he has been proceeding *in forma pauperis* in every one of his proceedings, and both the plain language of 28 U.S.C. § 1915(e) and the cases construing it permit courts to dismiss frivolous filings without the requirement of notice; otherwise, the courts would be inundated with *pro se* plaintiffs' attempts to justify patently frivolous proceedings. See, e.g., Thomas v. Pleasant, 28 F. App'x 436, 437 (6th Cir. 2002) (unpublished) (§ 1915(e) "permits a court to dismiss a suit at any time without prior notice"); Blanton v. City of New York, No. 12-cv-844, 2012 WL 6634177 (S.D.N.Y. Dec. 20, 2012) (Report and Recommendation) ("[B]ecause plaintiff is proceeding in forma pauperis, dismissal without notice is permitted under 28 U.S.C. § 1915(e)(2)(B)(ii)."), report and recommendation adopted, 2013 WL 3783734 (S.D.N.Y. July 9, 2013).

As discussed in the June 20th Order, Richmond has repeatedly filed frivolous appeals, petitions for writs, and motions in this Court, and his filings have only intensified since that time. On two separate occasions, Richmond was cautioned that his "continued filing of frivolous motions may lead to the imposition of sanctions, including an injunction prohibiting the Clerk of this Court from accepting further filings from him without Court approval." Richmond has been afforded ample notice regarding the prospect of a sanction, and has been warned specifically that this sanction could come in the form of a filing injunction.

He has filed 22 actions in this district and, at last count, 44 total filings. See, e.g., Docket Nos: 14cv5957-BMC (appeal, motion for reconsideration, motion to vacate, motion for reconsideration of denial of motion to vacate); 14cv7112-BMC (appeal, reconsideration, vacate, reconsideration); 15cv447-WFK (appeal, reconsideration, reconsideration); 15cv4628-BMC (appeal, reconsideration); 15cv4824-BMC (appeal); 15cv4825-BMC (appeal, withdrawal of

appeal); 15cv4826-BMC (appeal, reconsideration); 15cv4980-AMD (appeal, reconsideration); 15cv5201-AMD (appeal, reconsideration); 15cv6621-BMC (appeal); 15cv7177 (appeal); 16cv422-BMC (appeal, reconsideration); 16cv424-BMC (appeal, reconsideration); 16cv564-BMC (appeal, reconsideration); 16cv565-BMC (appeal, reconsideration); 16cv1121-BMC (appeal, reconsideration); 16cv2979-BMC (writ of mandamus, reconsideration); 16cv3149-BMC (writ of mandamus, reconsideration); 16cv3256-BMC (appeal, motion for various forms of relief); 16cv3628-BMC (writ of prohibition); 16cv3648 (appeal); 16cv3755-BMC (writ of mandamus, withdrawal of petition).

The June 20th Order did nothing to dissuade him. Richmond's affirmation in response to the June 20th Order raises the same claims that are contained in his other appeals, motions to reconsider, motions to vacate, and now petitions for extraordinary writs. Richmond's filings derive from objectively baseless claims such as vagueness, unsupported allegations of errors, and denial of due process and other constitutional rights. As noted in the June 20th Order, these filings involve the exact same legal issues previously litigated in the original bankruptcy proceedings but fail to provide any new theories or evidence that could merit a form of revaluation. The only new matter consists of *ad hominem* attacks on the Court.

Despite the notice afforded by the Court, and the opportunity to be heard as to why an injunction should not be issued, Richmond continued filing such motions. Without a filing injunction in place, Richmond is "likely to continue to abuse the judicial process and harass other parties." Safir v. U.S. Lines Inc., 792 F.2d 19, 24 (2d Cir. 1986). A monetary sanction will not suffice because Richmond is a Chapter 13 debtor and can only make his filings on the basis of *in forma pauperis* status. He has shown no cause in his response to the Court's June 20th Order to

refrain issuing an injunction; quite to the contrary, his motions for reconsideration, bankruptcy appeals, and petitions for a writ further confirm that no other relief will suffice.

It is therefore ORDERED, ADJUDGED AND DECREED that Richmond is hereby enjoined from filing future actions in this Court without first obtaining from the Court leave to file. To implement this injunction, should Richmond make any additional filings in this Court, the Clerk is directed to open a miscellaneous matter, docket the filing in that miscellaneous matter only, and then close the miscellaneous matter. Any further filings by Richmond shall be docketed only in that closed miscellaneous matter. This Court will review any initial and subsequent filing or filings docketed in the miscellaneous matter, determine whether any are non-frivolous and, if so, it shall direct the Clerk to open that filing under a civil matter number. If the Court determines that any filing is frivolous, no action will be taken on the filing. This injunction shall not apply to (a) filings in the bankruptcy court with respect to Richmond's Chapter 13 case; and (b) any notice of appeal from this Order or other Orders of this Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

Digitally signed by
Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
        July 19, 2016